**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERICA CLARK, | ) |
| | ) |
| Plaintiff, | ) No. 15-177 |
| | ) |
| v. | ) |
| | |
| COMMISSIONER OF | |
| SOCIAL SECURITY, | |
| | |
| Defendant. | |

### OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for supplemental social security income benefits, alleging disability due to mental and physical impairments. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).   Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently."  Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

**II.  THE PARTIES' MOTIONS**

Plaintiff contends that the ALJ failed to properly deal with the report of Dr. Peterson-Handley, a state agency consulting examiner.  In particular, she claims that the ALJ failed to develop the record when he rejected Dr. Peterson-Handley's assessment of Plaintiff's intellectual functioning, and "rule out" certain psychological diagnoses; and failed to properly consider Dr. Peterson-Handley's functional limitations and other opinions, given that she was both an agency consultant and a treating source; and failed to provide adequate reason for so doing.

Certainly, an ALJ has the duty "to develop a full and fair record," which requires the ALJ

to secure relevant information regarding a claimant's entitlement to benefits.  Ventura v.

Shalala, 55 F.3d 900, 902 (3d Cir. 1995).  Generally speaking, an ALJ is required to seek

additional medical evidence if the evidence presented is inconclusive or unclear. See Clark v.

Colvin, No. 12-1116, 2013 U.S. Dist. LEXIS 103363, at *26 (D. Del. July 24, 2013). Moreover,

absent a clear showing of prejudice for failure to investigate further, courts have denied remand.

See, e.g., Glenn v. Comm'r of Soc. Sec., 67 Fed. Appx. 715, 719 (3d Cir. 2003).

Here, Dr. Peterson-Handley examined Plaintiff in July, 2012.  At that time, she opined

that Plaintiff was "probably" within the borderline range of intelligence.   As Defendant points

out, Plaintiff did not allege disability due to intellectual functioning, and did not press the issue at

the hearing.   Moreover, the "probability" stated in Dr. Peterson-Handley's opinion, although

reflected in an Axis II diagnosis in Dr. Peterson-Handley's report, was not based on

psychological testing.[1]   Thus, contrary to Plaintiff's suggestion, the ALJ did not reject the

assessment based on his decision to account for moderate mental functioning limitations, which

was in turn based on Plaintiff's bipolar disorder.  Finally, the ALJ noted that Plaintiff had never

received special education services, and that the record contained no corroborating IQ scores.

There is no present showing of clear prejudice.  Under the circumstances, the ALJ did not err in

failing to further pursue Plaintiff's intellectual functioning, or in his analysis of Dr. Petersen-

Handley's assessment of same.

A treating physician's opinion is entitled to controlling weight when it is "well-supported

by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with

the other substantial evidence…." 20 CFR § 404.1527.   Following the July, 2012 assessment,

Dr. Petersen-Handley entered into a treating relationship with Plaintiff.   The record contains

---

[1] Instead, as the ALJ notes, Dr. Petersen-Hadley based her opinion on one incorrect answer to a math problem, as well as Plaintiff's self-reports that she "got bad grades" but "was too smart for special ed," and that her school refusal "at times" was based on lack of sleep.

treatment notes from that time, as well as a June, 2013 questionnaire indicating a diagnosis of depression, and that Plaintiff would often have difficulty interacting with co-workers, managing even low stress, and maintaining concentration, pace, and task. The ALJ considered the treatment notes, as well as the evidence from Plaintiff's primary care physician, who treated her for depression. In considering the July, 2012 opinion, the ALJ considered it alongside other evidence, including the opinions of two reviewing psychologists, Plaintiff's activities of daily living, and Plaintiff's treatment history. Accordingly, the ALJ adequately explained his decision to afford the July, 2012 opinion "little weight." Subsequently, the ALJ determined that the June, 2013 opinion would be given no weight. The ALJ explained that the opinion was inconsistent with her own consultative examination, which showed moderate limitations, and unsupported by treatment records. Plaintiff complains that because Dr. Peterson-Handley was a treating source, a specialist, the only examining source to offer an opinion, and an agency examiner, her opinion was entitled to greater weight. Plaintiff's point is well-taken, in that it would have been preferable had the ALJ offered additional analysis of Dr. Peterson-Handley's June, 2013 opinion. Nonetheless, in the context of the entire record expressly considered by the ALJ, the reasons cited are adequate, if barely so.

## CONCLUSION

In sum, I find no error in the ALJ's opinion. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

**ORDER**

AND NOW, this 8th day of October, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court